IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WAYNE CLYDE RIVERS ) | |
| ) | |
| v. ) | 3:06-CV-2195-B |
| ) | |
| NATHANIEL QUARTERMAN, Director, ) | |
| Texas Department of Criminal Justice ) | |
| Correctional Institutions Division ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Retrieve Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Angleton, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon entering pleas of not guilty to burglary of a building as charged in No. F-03-74197-RM and to evading arrest as charged in No. F-03-57048-QM, Rivers was tried by a jury which returned guilty verdicts and thereafter assessed punishment of 15 years incarceration and a $1,000.00 fine in the burglary case and a term of 2 years imprisonment in the evading arrest case.

Rivers appealed his convictions which were affirmed in an unpublished opinion issued by the Court of Appeals, Fifth District at Dallas on June 7, 2005. No petition for discretionary review was sought.

On September 7, 2005, Rivers filed an application for habeas corpus relief pursuant to art. 11.07, Tex.C.Crim.P. in the trial court which was dismissed by the Texas Court of Criminal Appeals on March 29, 2006. Subsequently he filed two art. 11.07 applications in the convicting court on June 13, 2006, attacking his evading arrest and burglary convictions, respectively. On October 4, 2006, the Court of Criminal Appeals denied both. He then filed the present § 2254 petition in this court on November 28, 2006.[1]

**Findings and Conclusions**: In his answer filed in response to the petition Respondent contends that the petition is barred by the one-year limitations period, that this court is without jurisdiction to consider the collateral attack on Rivers's evading arrest conviction, that certain of his claims are unexhausted and are procedurally barred, and in the alternative that his ineffective assistance of counsel claim is without merit. For the reasons set out below and because the petition was not timely filed and is not subject to equitable tolling, the magistrate judge addresses only the timeliness of the filing of the petition.

As part of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") 28 U.S.C. § 2244(d)(1)(A)-(D) imposed a one-year period within which a state prisoner, collaterally attacking a non-capital conviction, must bring a federal habeas petition. Only § 2244 (d)(1)(A) is applicable to the present petition. § 2244(d)(2) tolls the running of the one-year period during the pendency of "a properly filed application for state post-conviction or other collateral review ..."

---

[1] His petition is deemed as having been filed on the date he signed the petition.

Rivers's convictions became final on July 7, 2005, the date on which the time for seeking discretionary review by the Texas Court of Criminal Appeals expired following the Fifth Court of Appeals opinion of June 7, 2005, in which the convictions were affirmed. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003).

Rivers filed his initial art. 11.07 application attacking his conviction in Cause No. F-03-57048-QM in the state trial court on September 7, 2005. See Application No. WR 17,061-07[2] at 002. On September 9, 2005, the Fifth Court of Appeals issued its mandate in Petitioner's direct appeal. Thereafter on March 29, 2006, the Court of Criminal Appeals dismissed the application pursuant to art. 11.07 §§ 3(a) - (b). Respondent's answer is silent with respect to this initial application, but implicit in his answer, asserting that the first art. 11.07 application which tolled the limitations period was that which Rivers filed on June 13, 2006,[3] - (WR 17,062-09 at 002) - is the argument that his application filed on September 5, 2005, did not toll the limitations period.[4]

The procedural posture in which Rivers filed his initial relevant art. 11.07 application is essentially identical to that described in Larry v. Dretke, 361 F.3d 890 (5th Cir. 2004), cited by Rivers

---

[2]As part of the prior state record Respondent has submitted copies of previous art. 11.07 applications filed by Rivers, i.e. WR 17,062-01 through WR 17,062-06, filed between February 9, 1987 and June 1, 1993. Although these applications demonstrate his prior knowledge of art. 11.07 as an avenue for habeas corpus relief, they pertain to prior convictions and are irrelevant to the present action.

[3]The "mail box rule" does not apply to Texas state habeas filings. See Coleman v. Johnson, 184 F.3d 398 (5th Cir. 1999). Moreover, even if the "mail box rule" were applied and his application was deemed filed on May 25, 2006, See WR 17,062-08 at 101, it would not materially affect disposition of the limitations defense asserted by Respondent.

[4]Since his 11.07 application filed on September 5, 2005, attacked only his evading arrest conviction, See WR 17,062-07 at 002, arguably it failed to toll the one year statute on his burglary conviction irrespective of the fact that the application was not properly filed.

in his traverse to Respondent's answer. In both cases direct appeals were taken following convictions and sentencings in the trial courts. In each an intermediate appellate court had issued an opinion affirming the conviction(s) at issue. In each instance the petitioner filed an art. 11.07 application in the trial court subsequent to the direct appeal disposition, but prior to the issuance of the appellate court's mandate. Further, in each art. 11.07 application the Court of Criminal Appeals dismissed the same due to the pendency of the petitioner's direct appeal. See Ex Parte Johnson, 12 S.W.3rd 472, 473 (Tx.Crim.App. 2000).

The law in this circuit is clear that an art. 11.07 application filed prior to the issuance of the mandate does not constitute a "properly filed" post-conviction proceeding, Larry v. Dretke, supra, 361 F.3d at 894-95, and Rivers's art. 11.07 application filed on September 7, 2005, did not toll the one-year limitations period.

As of June 13, 2006, 340 days had elapsed from the date on which Petitioner's conviction became final. Upon the filing of his application in No. WR 17,061-09 in the convicting court[5], the limitations period was tolled pursuant to § 2244(d)(2) until October 4, 2006, the date on which the Court of Criminal Appeals denied his application. The limitation period began to run anew on October 5, 2006, and the one-year limitation period expired on October 30, 2006. Therefore, the petition is barred by limitations unless it is otherwise subject to equitable tolling.

In his traverse Rivers relies solely on his erroneous interpretation of the Fifth Circuit's holding in Larry v. Dretke, supra. As noted above, his premature art. 11.07 application was not "properly filed." He provides no explanation for his delay in seeking federal habeas corpus relief

---

[5] On the same date Rivers filed a separate art. 11.07 application attacking his evading arrest conviction. See WR 17,062-08 at 002.

4

prior to October 30, 2006, nor for the additional 29 day delay before he filed his § 2254 petition. Under such circumstances there is no basis for applying the doctrine of equitable tolling.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be dismissed as being barred by limitations.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 27th day of March, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.